ALFRED P. JUMP, JR., d. b., *vs.* NATHAN JONES, use of JAMES
GREEN, p. b.

*Justice of Peace—Certiorari—Garnishee; Judgment Against—No-
tice; Posting of—Record of Justice.*

1.  The judgment rendered against the garnishee cannot be for a greater
amount than the judgment given the original debtor.

2.  What the record of the Justice must disclose as to giving public notice by
advertisements posted, etc., and as to what said notice states.

(*March 15, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John P. Nields* for plaintiff in error.

*Walter H. Hayes* for defendant in error.

Superior Court, New Castle County, February Term, 1901.

CERTIORARI (No. 6, September Term, 1900), to John A.
Kelley, a Justice of the Peace in and for New Castle County.

The record of the Justice set forth in substance, among other
things, the following :

"Attachment case for goods sold and delivered.    Amount de-
manded forty-seven dollars and thirteen cents ($47.13), with interest
from January 1, 1895.    On affidavit filed by plaintiff March 28,
1900, attachment issued to one Hurlock, constable, returnable
forthwith.   Constable returns no goods ; attachment laid in hands of
the Philadelphia, Wilmington and Baltimore Railroad Company
and summoned one Lawson, paying clerk of said corporation, to
answer as garnishee, on Thursday, April 5, 1900, as within directed,
March 29, 1900.   "Same day I thereupon issued notices of attach-

ment to Alfred S. Hurlock, constable, to post at the Court House and four public places in the Justice's hundred, said defendant not being a resident of said Justice's hundred, for at least two years."

The concluding part of the said record of the Justice was as follows:

And now to wit, this 30th day of April, A. D. 1900, the plaintiff present, the referees present, who were by me sworn and affirmed according to law, they went into a hearing of the cause. After hearing the proofs and allegations, and maturely considering the same, the proofs of the posting of notices of attachmtnt for one month being verified by oath of the constable in writing, they rendered a report to me in writing of an award, in favor of the plaintiff Nathan Jones (use of James W. Green), and against the defendant, Alfred P. Jump, Jr., for sixty-one $\frac{78}{100}$ dollars, debt and interest and cost of suit. I thereupon enter judgment in favor of the plaintiff, Nathan Jones (use of James W. Green) and against the defendant, Alfred P. Jump, Jr., for sixty-one $\frac{78}{100}$ dollars debt and interest, and eleven $\frac{40}{100}$ dollars, cost of suit.

"JOHN A. KELLEY, J. P.

"And now to wit, this 30th day of April, A. D. 1900, the Philadelphia, Wilmington and Baltimore Railroad Company appears and answers to owing seventy-three $\frac{18}{100}$ dollars to Alfred P. Jump, Jr.

"I thereupon enter judgment in favor of the plaintiff, Nathan Jones (use of James W. Green), and against the Philadelphia, Wilmington and Baltimore Railroad Company, garnishee of Alfred P. Jump, Jr., for seventy-three $\frac{18}{100}$ dollars.

"JOHN A. KELLEY, J. P."

The following exceptions to the record were filed on behalf of the defendant below:

1. That the record discloses that the judgment entered against

the Philadelphia, Wilmington and Baltimore Railroad Company, garnishee of Alfred P. Jump, Jr., is for a greater sum than the judgment given against Alfred P. Jump, Jr., original debtor.

2. That the record fails to disclose that public notice was given by advertisements posted in the Justice's office, at the Court House door of his county and three public places in the Justice's hundred.

3. That the record fails to disclose that said public notice stated the parties, the sum demanded, the time and cause of issuing the attachment, as stated in the affidavit and the return.

LORE, C. J:—The second and third exceptions as to posting notices are met by the record.

We hold that the first exception is fatal, however.

Let the judgment below be reversed.